1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HECTOR MARTIN PRIETO,                    Case No. 1:25-cv-00650-HBK (PC)

12                  Plaintiff,               ORDER NOTING VOLUNTARY
                                             DISMISSAL UNDER FED. R. CIV. P.
13          v.                               41(a)(1)(A)(i) AND FED. R. CIV. P. 15(a) OF
                                             CERTAIN CLAIMS [1]
14   JOHN DOE 1 and JOHN DOE 2,
                                             (Doc. No. 12)
15                  Defendants.
                                             ORDER DIRECTING CLERK OF COURT TO
16                                           SEND PLAINTIFF A COPY OF SUBPOENA
                                             FORM AO 88B AND FORM USM-285
17
                                             30 DAY DEADLINE
18

19          Plaintiff Hector Martin Prieto, a state prisoner proceeding pro se, initiated this civil rights

20   action under 42 U.S.C. § 1983.  (Doc. No. 1).

21          On August 8, 2025, the Court screened Plaintiff's First Amended Complaint pursuant to

22   28 U.S.C. § 1915A and found that it stated a cognizable Eighth Amendment excessive force

23   claim against Defendants John Doe 1 and John Doe 2 in their individual capacities. (Doc. No.

24   11).  The Court found that Plaintiff's remaining claims—including those for medical deliberate

25   indifference, unconstitutional conditions of confinement, and retaliation—were not legally

26   cognizable. (*Id*. at 5–11).

27   ────────────────────────

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

The Screening Order afforded Plaintiff the opportunity to: (1) file an amended complaint; (2) file a notice under Federal Rule of Civil Procedure 41(a)(1) and Rule 15 that he is willing to stand on his complaint as screened and proceed only on the excessive force claim against Defendants John Doe 1 and John Doe 2; or (3) stand on his complaint subject to the undersigned issuing Findings and Recommendations to dismiss the claims not deemed cognizable.  (*Id*. at 11-12).

On August 14, 2025, Plaintiff filed a notice stating that he voluntarily dismisses all non-cognizable claims and defendants.  (Doc. No. 12, "Notice").  Plaintiff may voluntarily dismiss any claim without a court order by filing a notice of dismissal before the opposing party answers the complaint or moves for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Here, no party has answered or moved for summary judgment.  (*See* docket). The Ninth Circuit recognizes a party's absolute right to dismiss fewer than all claims or defendants without a court order prior to an answer or dispositive motion.  *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993). Alternatively, the Court construes Plaintiff's Notice as a motion to amend the Complaint under Federal Rule of Civil Procedure 15(a).  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (Rule 15(a) "is appropriate mechanism" when party is eliminating an issue or one or more claims but not completely dismissing a defendant).

In accordance with Plaintiff's Notice, all non-cognizable claims and defendants are dismissed by operation of law pursuant to Rules 41 and 15.  Plaintiff's First Amended Complaint will proceed only on the Eighth Amendment excessive force claim against Defendants John Doe 1 and John Doe 2 in their individual capacities. (*See* Doc. No. 10).

To facilitate identification of the Doe defendants, the Court will permit Plaintiff to subpoena documents from CDCR in an effort to ascertain the identifies of John Doe 1 and 2. Plaintiff is advised to identify with specificity the documents he seeks.  Once Plaintiff completes and returns subpoena form AO 88B and form USM-285, the Court will direct the United States Marshals Service to serve the subpoena on CDCR.  If Plaintiff identifies either Doe defendant, he must file a motion to substitute the named individual in place of the Doe no later than 120 days from the date of service of this order.  Failure to do so may result in dismissal of the unidentified

defendants pursuant to Rule 4(m).

Accordingly, it is **ORDERED**:

1.   In accordance with 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the Court has screened and found service of the First Amended Complaint appropriate on the Eighth Amendment excessive force claim against Defendants John Doe 1 and John Doe 2 in their individual capacities.

2.   All other claims and defendants are dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Civ. P. 15(a).

3.   The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285.

4.   Plaintiff has **thirty days** from service of this Order to complete and return form AO 88B and form USM-285.

5.   Plaintiff shall file a motion to substitute named defendants in place of John Doe 1 and/or John Doe 2 within 120 days of service of this Order.

6.   Failure to comply with paragraphs 4 or 5 may result in dismissal of the Doe defendants without prejudice pursuant to Fed. R. Civ. P. 4(m).


Dated:    August 15, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3