1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     HECTOR MARTIN PRIETO,                    Case No.   1:25-cv-00650-HBK (PC)

12                  Plaintiff,                  ORDER TO SHOW CAUSE

13          v.

14     JOHN DOE 1 and JOHN DOE 2,               NOVEMBER 14, 2025 DEADLINE

15                  Defendants.

16

17          Plaintiff Hector Prieto, a state prisoner, initiated this action by filing a pro se civil rights

18   complaint under 42 U.S.C. § 1983 on May 30, 2025.  (Doc. No. 1).  On June 27, 2025, the

19   undersigned screened Plaintiff's Complaint and found it failed to state a claim.  (Doc. No. 9).

20   Plaintiff timely filed a first amended complaint ("FAC").  (Doc. No. 10).  On July 23, 2025, the

21   undersigned screened the FAC and found it stated cognizable Eighth Amendment excessive use

22   of force claim against John Doe 1 and John Doe 2 but failed to state any other claims.  (Doc. No.

23   11 at 1).  On August 14, 2025, Plaintiff filed a notice stating that he voluntarily dismisses certain

24   defendants and claims the Court deemed non-cognizable.  (Doc. No. 12, "Notice").  All claims

25   deemed non-cognizable were dismissed by operation of law pursuant to Rules 41 and 15 on

26   August 15, 2025.  (Doc. No. 13).  To facilitate identification of the Doe defendants, the Court

27   permitted Plaintiff to complete subpoenas to subpoena documents from CDCR.  (Doc. No. 13).

28   Instead of returning the subpoenas, Plaintiff filed a Second Amended Complaint on August 21,

1   2025.  (Doc. No. 14, "SAC").

2   On September 2, 2025, the Court screened the SAC and afforded Plaintiff two options to

3   exercise no later than October 3, 2025: (1) file a  "Notice Under Rule 41 and Rule 15" that he

4   agrees to proceed on the SAC as screened thereby dismissing the claims and Defendants for the

5   reasons stated in this Order; or (2) file a "Notice to Stand on Second Amended Complaint"

6   subject to the undersigned recommending the district court dismiss the claims and Defendants

7   deemed not cognizable.  (Doc. No 16 at 9-10).  The Court expressly warned Plaintiff that if he

8   "fails to timely respond to this Court Order or seek an extension of time to comply" the

9   undersigned "will recommend that the district court dismiss this case as a sanction for Plaintiff's

10  failure to comply with a court order and prosecute this action."  (*Id.* at 11).  The October 3, 2025

11  deadline has lapsed and Plaintiff has not elected responded to the September 2, 2025 Order or

12  otherwise moved for an extension of time.  (*See generally* docket).

13  Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action

14  when a litigant fails to prosecute an action or fails to comply with a court order.  *See* Fed. R. Civ.

15  P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations

16  omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005)

17  ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss

18  under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110 similarly

19  permits courts to impose sanctions on a party who fails to comply with a court order.

20  Accordingly, it is hereby **ORDERED**:

21  **No later than November 14, 2025**, Plaintiff shall comply with the Court's previous

22  September 2, 2025 Order and elect one of the two options, or show cause why the Court should

23  not recommend that this case be dismissed without prejudice for Plaintiff's failure to prosecute

24  this action and/or his failure to timely comply with the Court's September 2, 2025 Order.

25  Dated:    October 24, 2025

26                                                            HELENA M. BARCH-KUCHTA
                                                             UNITED STATES MAGISTRATE JUDGE

27

28

2