1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HECTOR MARTIN PRIETO,                          Case No.  1:25-cv-00650-HBK (PC)

12                 Plaintiff,                        ORDER NOTING PLAINTIFF'S
                                                     VOLUNTARY DISMISSAL UNDER FED. R.
13           v.                                      CIV. P. 41(a)(1)(A)(i) AND FED. R. CIV. P.
                                                     15(a) OF CERTAIN CLAIMS
14   JOHN DOE 1 and JOHN DOE 2,
                                                     (Doc. No.  18)
15                 Defendants.
                                                     ORDER DIRECTING THE CLERK TO
16                                                   CORRECT THE CAPTION

17

18

19           Plaintiff Hector Martin Prieto, a state prisoner proceeding pro se, filed a Second Amended

20   Complaint on August 21, 2025.  (Doc. No. 14, "SAC").  On September 2, 2025, the Court

21   screened the SAC and found it stated cognizable Eighth Amendment excessive force claims

22   against Defendants John Doe 1 and John Doe 2 in their individual capacities stemming from

23   Defendants actions when responding to Plaintiff's medical emergency on November 9, 2024, but

24   no other claims.  (Doc. No. 16 at 9-10).  Specifically, the Court found the SAC did not state any

25   cognizable Eighth Amendment deliberate medical indifference claims against either Defendant

26   John Doe 1 or John Doe 2.  Nor did the SAC state an official capacity claim against either John

27   Doe Defendant.  (Id. at 7-9).  The Screening Order directed Plaintiff to elect one of two options:

28   (1) file a "Notice under Rule 41 and Rule 15(a)" stating his intent to stand on his SAC as screened

subject to the voluntary dismissal of the defendant(s) and other claim(s) deemed not cognizable; or (2) stand on the SAC subject to Court recommending dismissal of defendant(s) and claim(s) deemed not cognizable to the district court. (*Id.* at 10).

On November 14, 2025, Plaintiff filed a "Notice to Proceed on Cognizable Claims" dated and signed in response to the Court's September 2, 2025 Screening Order. (Doc. No. 18, "Notice"). In relevant part, the Notice states: "I Hector Martin Prieto, upon review by the Court intend to proceed with cognizable claims, and voluntary dismiss the defendants as well as other claims deemed not cognizable." (*Id.* at 4:5-10).

A plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a notice of dismissal before the opposing party answers the complaint. Fed. R. Civ. P. 41 (a)(1)(A)(i). Further, the Ninth Circuit recognizes a party has an absolute right prior to answer or summary judgment to dismiss fewer than all named defendants or claims without a court order. *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993). Here, no party has answered or moved for summary judgment. (*See* docket).

In accordance with Plaintiff's Notice, Plaintiff's Eighth Amendment deliberate medical indifference claims against all Defendants and his official capacity claims against all Defendants are dismissed without prejudice by operation of law. (*See* Doc. No. 18); *see also* Fed. R. Civ. P. 41(a)(1)(A)(i).

Plaintiff also submitted a completed subpoena (AO 88B) and USM-285. The Court will direct the United States Marshals Service to serve the subpoena on correctional officials by separate order. If Plaintiff can identify John Doe 1 and John Doe 2, he should file a motion to substitute the named individuals in place of the John Doe 1 and John Doe 2 no later than one-hundred and twenty (120) days from the date of service of this order. If Plaintiff fails to identify either of the Doe defendants, they will be dismissed pursuant to Rule 4(m) without prejudice.

Accordingly, it is **ORDERED**:

1. The Court recognizes Plaintiff's voluntary dismissal of his Eighth Amendment deliberate medical indifference claims and his official capacity claims against Defendant John Doe 1 and John Doe 2 in his Second Amended Complaint.

2. Plaintiff's Second Amended Complaint proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants John Doe 1 and John Doe 2 in their individual capacities stemming from Defendants' actions when responding to Plaintiff's medical emergency on November 9, 2024.

3. The Clerk shall correct the caption of the docket to reflect the Defendants as:  John Doe 1 and John Doe 2.

4. By separate order, the Court will direct the service of the subpoenas submitted by Plaintiff.

5. Plaintiff has one-hundred and twenty (120) days from the date of service of this order to file a motion to substitute named defendants in place of the John Doe 1 and John Doe 2.

Dated:    November 18, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3