UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MARTIN PRIETO,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE 1 and JOHN DOE 2,<br><br>Defendants. | Case No. 1:25-cv-00650-HBK (PC)<br><br>ORDER AMENDEDING THE COURT'S NOVEMBER 19, 2025 ORDER<br><br>PLAINTIFF HAS 90 DAYS WITHIN WHICH TO IDENTIFY JOHN DOE 1 AND JOHN DOE 2<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF A COPY OF SUBPOENA FORM AO 88B AND FORM USM-285 |

Hector Martin Prieto ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this action.

**BACKGROUND**

On August 21, 2025, Plaintiff filed a Second Amended Complaint. (Doc. No. 14, "SAC"). Following screening and voluntary dismissal of non-cognizable claims, Plaintiff's SAC proceeds on his Eighth Amendment excessive force claims against Defendants John Doe 1 and John Doe 2 ("Doe Defendants") in their individual capacities. (*See* Doc. Nos. 16, 18, 20).

Plaintiff submitted a completed subpoena (AO 88B) and USM-285 on November 14, 2025. The Court having reviewed the subpoena finds it improper. The Court will address the issue of Plaintiff's need to identify Doe Defendants against whom Plaintiff's Eighth Amendment

claims will proceed.

**DISCUSSION**

Defendants John Doe 1, identified as a correctional sergeant, and John Doe 2, identified as a correctional officer, are both employed at California Correctional Institution ("CCI"). (Doc. No. 14 at 4-5). Plaintiff alleges that on November 9, 2024, Doe Defendants entered his cell and used force against him that was excessive given the medical emergency Plaintiff was suffering from. (Doc. No. 14 at 7-11).

As previously noted, although Plaintiff states plausible claims against these unknown individuals, the Court will not require service at this time. Plaintiff must identify Doe Defendants with sufficient information for the United States Marshal to effectuate service of process.[1] The Ninth Circuit has held that courts should permit plaintiffs to engage in limited discovery for the purpose of identifying defendants whose identity is unknown at the time of filing, unless discovery would fail to identify the defendants or that the complaint should otherwise be dismissed. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The Court will afford Plaintiff the "'opportunity through discovery to identify the unknown (Doe) defendants.'" *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013).

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff is advised the Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Fed. R. Civ. P. 45(b). Because the Marshal's Office is required to personally serve a subpoena duces tecum, "serving a subpoena is not taken lightly by the court." *Austin v. Winett*, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d); Fed. R. Civ. P. 26, 45.

Further, courts will not readily issue subpoenas to non-parties. *Badman v. Stark*, 139

---

[1] Plaintiff is advised it is his obligation to identify any Doe defendant named in this action. *See, e.g.*, *Johnson v. Spearman*, 2020 WL 7405693, at *2, n.3 (E.D. Cal. Dec. 17, 2020) ("It is Plaintiff's obligation to timely identify individuals named as defendants in a civil rights complaint"); *Reyes v. Flores*, 2018 WL 3968245, at *10 (E.D. Cal. Aug. 16, 2019) ("It is Plaintiff's obligation to provide the information necessary to identify and locate a given defendant").

2

F.R.D. 601, 605 (M.D. Pa. 1991) ("Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum."). Subpoenas must be limited to relevant information, and a court will consider the burden and expense on the non-party in providing the requested information before issuing it. Fed. R. Civ. P. 26, 45. A motion requesting the issuance of a subpoena duces tecum must be (1) limited in scope; (2) clearly identify the documents sought; and (3) supported by a showing that the records are obtainable only through the identified non-party. *See, e.g.*, *Davis v. Ramen*, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, 2010 WL 148703, at *1 (E.D. Cal. Jan. 14, 2010).

The subpoena duces tecum Plaintiff submitted to the Court was not limited in scope to information relevant for the purpose of identifying the Doe Defendants. Instead, the subpoena sought to obtain videos of the alleged incident and Plaintiff's medical records.[2] Because the subpoena did not seek to obtain the identity of the John Doe 1 and John Doe 2, the Court will not direct service of Plaintiff's subpoena on a third party. If Plaintiff wishes for the Court to serve a subpoena on California Department of Corrections and Rehabilitation to obtain document to assist in identifying the Doe Defendants, Plaintiff he must resubmit subpoena that seeks only the identifies of the Doe Defendants.

Alternatively, Plaintiff may wish to seek the identities of Doe Defendants by alternate means. For example, Plaintiff might use a CDCR Form 22 to learn the identities of Doe Defendants who responded to his medical emergency on November 9, 2024. *See, e.g.*, *Thompson v. Allison*, No. 23-cv-05079-HSG, 2024 WL 4394759, at *3 (N.D. Cal. Oct. 3, 2024) ("Plaintiff may be able to obtain the names of these [John Doe] individuals by accessing his classification records or using the CDCR Form 22"). Otherwise, Plaintiff may return and request the Court issue a subpoena to obtain the necessary information.

Finally, the Court notes that if Plaintiff has learned the name or names of either Doe Defendant since filing his complaint, and/or does not require a subpoena to obtain these

---

[2] Essentially Plaintiff is seeking discovery. The Court will issue a discovery order once the John Doe Defendants have been identified and served with Plaintiff's operative complaint.

individuals' identities, Plaintiff shall file a notice of substitution with the Court, asking to substitute that individual's actual name for "John Doe 1" or "John Doe 2."

Accordingly, it is hereby **ORDERED**:

1. Plaintiff shall have **90 days** from the date of service of this Order to provide information identifying John Doe 1 and John Doe 2 to the Court for service of process;
2. If Plaintiff fails to provide this information within the **90 day** period, this action may be dismissed without prejudice; and
3. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285.
4. The Court's November 19, 2025 Order (Doc. No. 20) is amended in accordance with this Order to the extent the Court will not direct service of Plaintiff's defective subpoena submitted to the Court.

Dated:   November 20, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE