UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MARTIN PRIETO,<br><br>            Plaintiff,<br><br>        v.<br><br>PETER DOMINGUEZ and JOSE HERRERA,<br><br>            Defendants. | Case No.  1:25-cv-00650-HBK<br><br>ORDER REFERRING CASE TO EARLY ADR AND STAY OF CASE<br><br>DEADLINE TO OPT OUT DUE BY:<br><br>MAY 12, 2026 |

Plaintiff Hector Martin Prieto is a state prisoner proceeding pro se and *in forma pauperis* on his First Amended Complaint brought pursuant to 42 U.S.C. § 1983.  (Doc. No. 11).  As set forth in the Court's July 23, 2025 Screening Order, Plaintiff's First Amended Complaint  stated only a cognizable Eighth Amendment excessive use of force  claim against Defendants Dominguez and Herrera[1] on which Plaintiff agreed to proceed.  (Doc. No. 18, 20).  On January 8, 2026, Defendants filed a of waiver of service.  (Doc. No. 31).

The Court refers all civil rights cases filed by pro se individuals to early Alternative Dispute Resolution (ADR) to try to resolve such cases more expeditiously and less expensively. *See also* Local Rule 270.  In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in early ADR.  No claims, defenses, or objections are

---

[1] Defendants Dominguez and Herrera were substituted for  John Does 1 and 2. (Doc. No. 25).

waived by the parties' participation.

Attempting to resolve this matter early through settlement now would save the parties the time and expense of engaging in lengthy and costly discovery and preparing substantive dispositive motions.  The Court therefore will STAY this action for  120 DAYS to allow the parties an opportunity to investigate Plaintiff's claims, meet and confer, and engage in settlement discussions, or agree to participate in an early settlement conference conducted by a magistrate judge.  If after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would not be productive, the party may opt out of the early settlement conference.

Accordingly, it is **ORDERED**:

1.      This action is **STAYED until further order** to allow the parties an opportunity to settle their dispute.  Defendants may, but are not required, to file a response to the operative complaint during the stay but the parties may not file other pleadings or motions during the stay period.  Further, the parties shall not engage in formal discovery until the Court issues a Scheduling and Discovery Order.

2.      **Within 120 days** from the date on this Order, or no later than May 12, 2026, the parties shall file a notice if they object to proceeding to an early settlement conference or if they believe that settlement is not currently achievable.

3.      If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

4.      If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160.

Dated:    January 10, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2