UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MARTIN PRIETO,<br>Plaintiff,<br>v.<br>PETER DOMINGUEZ, et al.,<br>Defendants. | Case No. 1:25-cv-00650-HBK (PC)<br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER<br>(Doc. 46) |

Pending before the Court is Plaintiff's motion to strike Defendant's answer, filed on August 18, 2026. (Doc. 46). Plaintiff clarifies in his reply that he brings the motion under Federal Rule of Civil Procedure 12(f). (Doc. 53 at 2).

Plaintiff argues that Defendants' answer is improper because it uses "a series of questions and answers" and numbered paragraphs, and "does not properly argue the facts" alleged in the complaint. (Doc. 46 at 1–2). He also contends that the Defendants' admission of this Court's jurisdiction concedes that they violated his rights and that the screening order allowing his Eighth Amendment claims to proceed established Defendants' liability. (*Id.* at 2–3, 8). He further argues that the contributory-negligence affirmative defense is false because he was experiencing a "medical emergency" during the events at issue. (*Id.* at 6–7). Finally, he objects to Defendants' requested relief. (*Id.* at 7).

Defendants oppose the motion, arguing it is untimely, identifies no defect in their answer,

and incorrectly asserts that the Court has already resolved Plaintiff's claims in his favor. (Doc. 47 at 4–6). In his reply, Plaintiff repeats his arguments and contends that Defendants' answer was untimely because they filed it more than a year after he filed the Second Amended Complaint. (Doc. 53 at 2–6, 9).

<u>Legal Standard</u>

Rule 12(f) permits a court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966–67 (9th Cir. 2014) (internal quotations omitted). The moving party bears the burden of identifying the grounds for a motion with particularity and specifying the relief sought. *See Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 409 (S.D.N.Y. 2012); Fed. R. Civ. P. 7(b)(1).

Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation.'" *Luxul Tech. Inc. v. NectarLux, LLC*, No. 14-cv-03656-LHK, 2015 WL 4692571, at *3 (N.D. Cal. Aug. 6, 2015) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)). Whether to grant a motion to strike is within the Court's discretion. *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271–72 (N.D. Cal. 2015) (citations omitted).

<u>Discussion</u>

1. Defendants timely filed their answer.

Plaintiff incorrectly calculates Defendants' response deadline from the date he filed the Second Amended Complaint. Rule 12(a)(1)(A) generally ties the response deadline to service or, when service is waived, to the date the waiver was sent, not to the complaint's filing date.

The Clerk of Court issued summonses on December 9, 2025, and Defendants waived service on December 11, 2025. (Docs. 27, 31). Before their response deadline expired, the Court stayed the action and referred it for potential settlement. The stay expressly provided that Defendants could, but were not required to, respond to the complaint during the stay. (Doc. 33 at 2).

On June 11, 2026, after the settlement conference was vacated, the Court lifted the stay

and set July 13, 2026, as the deadline to respond to the operative complaint. (Docs. 42–43). Defendants filed their answer on July 6, 2026, a week before the deadline. (Doc. 45). Their answer was therefore timely. *See Clardy v. Gulick*, 772 F. App'x 451, 451 (9th Cir. 2019) (Unpub. Mem.) (affirming the denial of motion to strike an answer where the district court modified the response deadline).

2. Plaintiff's objections to the answer do not warrant striking it.

Defendants' responses to the complaint's allegations comply with Rule 8(b), which permits a party to admit or deny allegations or state it lacks sufficient knowledge or information to form a belief about tier truth. Defendants need not argue the evidence in their answer. Plaintiff's objections to the answer's unnumbered paragraphs and response format likewise identify no basis for striking it.

Plaintiff also disputes the seventh affirmative defense, which asserts that his conduct contributed to his damages of that he was contributorily negligent. He contends that the defense is false because he was experiencing a medical emergency.[1] (Doc. 46 at 7). That factual disagreement does not establish a basis for striking the defense. "[A]bsent a finding of bad faith, factual allegations in the complaint (or answer) must be tested through the normal mechanisms for adjudicating the merits." *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 n.3 (9th Cir. 2007). Plaintiff has not shown that Defendants asserted the defense in bad faith. The Court does not resolve the parties' factual dispute on this motion.

Plaintiff's objection to Defendants' requested relief also provides no basis for striking the answer. *See Kuang Xuan Liu v. Win Woo Trading, LLC*, No. 14-cv-02639-KAW, 2014 WL 7140514, at *4 (N.D. Cal. Dec. 12, 2014) (declining to strike defendants' prayer for costs).

3. Neither the jurisdictional admission nor the screening order establish liability.

Defendants' admission that this Court has jurisdiction does not concede the merits of

---

[1] The Ninth Circuit applies a "fair notice" standard to affirmative defenses, which requires describing the defense in "general terms." *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). Plaintiff's contention that he was experiencing a medical emergency reflects his understanding of Defendants' contributory negligence defense and supports a finding that he received fair notice of that defense.

Plaintiff's claims. Jurisdiction concerns the Court's authority to adjudicate a case, not whether a party is entitled to relief. *See Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662 (2019) ("To reach the merits of a case, an Article III court must have jurisdiction").

Likewise, the screening order determined only that Plaintiff plausibly alleged Eighth Amendment claims sufficient to proceed. It did not establish Defendants' liability or Plaintiff's entitlement to relief. *See Reid v. United States*, No. 1:14-cv-01163-LJO-MJS, 2015 WL 2235127, at *1 (E.D. Cal. May 12, 2015) ("A Magistrate Judge's screening order is not a final order dispositive of a claim or defense").[2]

Because Plaintiff has not established grounds to strike the answer, the Cort need not address Defendants' argument that his motion was untimely.[3]

Accordingly, it is ORDERED:

Plaintiff's motion to strike Defendants' answer (Doc. 46) is DENIED.

Dated: October 29, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

[3] Rule 12(f) ordinarily requires a motion within 21 days after service of the answer. Defendants filed their answer on July 6, 2026, and Plaintiff signed his motion on August 15, 2025. The record does not establish when Plaintiff received the answer. The Court need not engage in a determination as to whether the motion was timely under the prison mailbox rule because the motion fails on the merits.